UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STUART McBRIDE                                                                         PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:07cv722 DPJ-JCS

BILBERRY FAMILY LIMITED PARTNERSHIP                                   DEFENDANT

ORDER

        This contract dispute is before the Court on Defendant Bilberry Family Limited

Partnership's Motion to Dismiss [5].  Plaintiff Stuart McBride has responded in opposition.

Having considered the memoranda and submissions of the parties, along with the pertinent

authorities, the Court finds that Defendant's Motion to Dismiss should be denied.

I.      Facts/Procedural History

        Defendant Bilberry Family Limited Partnership ("Bilberry") owns real property located

on North County Line Road in Madison County, Mississippi.  In an agreement dated February

11, 1998 ("Consulting Agreement"), Bilberry retained Plaintiff Stuart McBride and McBride

Consulting Service, LLC ("MCS") to develop the Madison County property for use as a landfill

and to find a purchaser or lessor for the land.[1]  Under the terms of the Consulting Agreement,

McBride and MCS would perform the prerequisite tasks of rezoning the property and

incorporating it in the Madison County waste management plan.  As compensation for these

services, Bilberry promised to pay McBride and MCS a consulting fee of ten percent of the gross

purchase price, to be paid upon completion of the property transfer.  The contract provided that it

would expire upon the earlier of February 10, 1999, or the completion of the sale.  However, in

_____

        [1] MCS is not a party to this action having assigned its rights and interest in the Consulting
Agreement to Stuart McBride individually in an agreement dated December 10, 2007.  Ex. D. to
Brief of Defendant Pursuant to Court Order of August 18, 2008.

the event that McBride and MCS had substantially performed the prerequisite tasks, the

Consulting Agreement would continue until the sale of the property.

It is undisputed that Plaintiff has at least partially performed his obligations under the

contract.  In June 1998, the Madison County Board of Supervisors voted to rezone the property

from residential to industrial use.  The Madison County Board of Supervisors also formally

approved the inclusion of the property in the county's Solid Waste Management Plan in

December 2003, an action approved by the Mississippi Commission on Environmental Quality

("MCEQ") on December 16, 2004.  However, this decision approving the amendment to the

waste management plan was appealed in 2005 and remains pending in Hinds County Chancery

Court.  Thus, ten years have passed since the execution of the Consulting Agreement, and

Plaintiff has yet to find a purchaser for the property.

Recent bankruptcy proceedings have further complicated the parties' relations.  On July

16, 2004, MCS filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code, which was

subsequently converted to a Chapter 7 proceeding on May 11, 2005.  During the bankruptcy

proceedings, Bilberry moved the Bankruptcy Court to abandon the Consulting Agreement from

the debtor's estate pursuant to 11 U.S.C. § 554 claiming that it was of inconsequential value to

the estate.  Bilberry's motion further sought an order lifting the automatic stay, so that it might

seek a declaration of its rights under the contract.  According to an affidavit from Bilberry's

counsel, Plaintiff contacted counsel several days before the deadline to file an objection to the

motion to abandon and offered to settle the contract dispute for $500,000.00.  Bilberry's counsel

further averred that Plaintiff threatened to oppose the abandonment if Defendant counter-offered

with an unsatisfactory amount.  The case did not settle, but MCS nevertheless did not object to the motion.

In a December 10, 2007 order, the Bankruptcy Judge abandoned the Consulting Agreement from MCS's estate and modified the automatic stay as requested.  The order did not specify grounds for the abandonment, although 11 U.S.C. § 554(a) permits abandonment of property that is "burdensome to the estate or that is of inconsequential value and benefit to the estate."  That same day, MCS assigned its interest in the Consulting Agreement to McBride who then filed the instant action the following day.

Plaintiff's Complaint seeks a declaratory judgment that the Consulting Agreement and the parties' duties under it remain in effect.  Plaintiff also seeks punitive damages.  Defendant seeks dismissal of the Complaint on the grounds that Plaintiff's judicial admissions in MCS's bankruptcy proceedings estop him from seeking more than the jurisdictional amount for diversity jurisdiction.  Alternatively, Defendant asserts that a forum selection provision in the Consulting Agreement requires venue in Texas and that the case should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6).

## II.    Analysis

A.    Judicial Estoppel[2]

Defendant seeks dismissal claiming that the amount in controversy is less than the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).  There appears to be no real disputed

---

[2] The parties have presented and relied upon submissions outside of the pleadings with respect to the judicial estoppal claim in Defendant's motion to dismiss.  Therefore, the motion to dismiss is treated as a motion for summary judgment. FED. R. CIV. P. 12(d); *Pryor v. Wolfe*, 196 F. App'x 260, 262 (5th Cir. 2006).

that the value of Plaintiff's consideration under the Consulting Agreement exceeds $75,000. However, in its original memorandum, Defendant argued that Plaintiff cannot in good faith allege damages exceeding $75,000 because he took the judicial position in a bankruptcy proceedings that the agreement was worthless.  Defendant's Memorandum Brief in Support of Motion to Dismiss at 3 (citing *Garcia v. Koch Oil Co.*, 351 F.3d 636, 638 (5th Cir. 2003)). Following a status conference, it became apparent that Defendant was attempting to judicially estop Plaintiff's claim, and the Court therefore invited additional briefing on that theory.

Judicial estoppel is an equitable doctrine, the invocation of which lies within the Court's discretion.  *In re Coastal Plains*, *Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).  "The purpose of the doctrine is to prevent litigants from playing fast and loose with the courts."  *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (internal quotations omitted).  In the Fifth Circuit, the party raising judicial estoppel must prove: (1) that the position of the party to be estopped is clearly inconsistent with an earlier position; (2) that the party convinced the court to adopt that position; and (3) that the non-disclosure was not inadvertent.  *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004).

Defendant maintains that Plaintiff's actions during the bankruptcy proceedings estop him from claiming damages in excess of the jurisdictional threshold amount.  Specifically, Defendant points to Plaintiff's testimony during a June 17, 2005 hearing, where, referring to the Consulting Agreement, Plaintiff stated that "it's so far down the road, you know, I don't think we'll ever get any money out of that."  Ex. 2 to Defendant's Rebuttal in Support of Motion to Dismiss. Defendant asserts that this statement, combined with MCS's failure to oppose the abandonment of the Consulting Agreement as inconsequential, estops Plaintiff from asserting damages in

4

excess of the jurisdictional amount.  This is an extremely close call, but the Court, in its

discretion, finds that Defendant has not met its burden of proving Plaintiff took a clearly

inconsistent position.[3]

First, Plaintiff's case is distinguishable from the bankruptcy cases Defendant cites in its

brief, as those cases address a debtor's failure to disclose pre-petition claims in its bankruptcy

schedules.  *See Galloway v. Stinger Wellhead Prot., Inc.*, 446 F. Supp. 2d 655, 657-58 (S.D.

Miss. 2006) (citing *Superior Crewboats*, 374 F.3d at 335*; Coastal Plains*, 179 F.3d at 210).

While judicial estoppel is not limited to the facts of these cases, it is worth noting that MCS

disclosed the Consulting Agreement in its schedules and never claimed that it was invalid or non-

existent.

Moreover, McBride's testimony at the June 17, 2005 hearing reflects his opinion that

although the Consulting Agreement remains in place, obtaining payment would be difficult.  That

opinion is not "clearly inconsistent" with the current claim that the agreement is still valid and

would be worth more than $75,000 if it ever comes to fruition following the appeal of the MCEQ

decision.

Similarly, the Court must reject Defendant's allegations regarding MCS's failure to

object to the motion to abandon.  To begin with, Defendant, not MCS, moved the Bankruptcy

Court to abandon the agreement as inconsequential.  MCS's failure to oppose the motion is not a

representation.  *See In re Parker,* 391 B.R. 411, 417 (S.D. Ohio 2008) (stating that the "Debtor's

---

[3]McBride was a part owner of MCS, and Defendant claims that any inconsistent positions
taken by MCS estop McBride because an assignee cannot obtain rights greater than the assignor.
This distinction is ultimately irrelevant because the Court finds that the positions were not
"clearly inconsistent."

failure to object to the Trustee's Notice does not constitute a statement of factual matter under oath, or a legal position inconsistent with the instant Objection to Claim").  Even if MCS's failure to object to the motion is construed as a representation that the Consulting Agreement is of inconsequential value or burdensome to the estate, that position is not clearly inconsistent with Plaintiff's current position that the contract remains valid and could eventually produce a fee greater than $75,000.[4]

The Court has paid close attention, however, to Plaintiff's suspicious behavior in the days shortly before and after the Bankruptcy Court issued its order abandoning the Agreement. Indeed, Plaintiff's alleged telephone call to Defendant's counsel and immediate assignment of the Consulting Agreement following the abandonment order are troubling signs that Plaintiff may well be playing "fast and loose" with the Court.  However, this conduct does not cure Defendant's failure to meet its burden of establishing the first element of judicial estoppel – a clearly inconsistent position.  Accordingly, the Court determines that Plaintiff's testimony and actions in the bankruptcy proceedings do not preclude his position in the present action.[5]

B.    The Forum Selection Clause

Clause 14 of the Consulting Agreement is titled, "Choice of Laws: Jurisdiction; Venue." In addition to choosing Texas law to govern the Agreement, the provision states:  "All

---

[4]As a related matter, the motion raises a difficult valuation problem.  Defendant moves to dismiss for lack of subject matter jurisdiction claiming that the amount in controversy is below $75,000.  However, the record before the Court fails to demonstrate that just because this claim is inconsequential or burdensome to the estate that the amount in controversy is necessarily less than $75,000.

[5]Having found that Defendant did not carry its burden as to the first element, it is not necessary to address the remaining elements of judicial estoppel.

6

obligations of the Parties as created hereunder are performable in Harris County, Texas, and venue for all proceedings in any way relating to this agreement shall lie in Houston, Harris County, Texas." Defendant contends that this forum selection clause limits all litigation related to the Consulting Agreement to courts in Houston, Harris County, Texas.

The Fifth Circuit has held that federal law governs decisions regarding the enforceability of forum selection clauses in diversity cases. *Int'l Software Sys. v. Amplicon*, 77 F.3d 112, 114 (5th Cir. 1996). Although the Court is mindful of the Fifth Circuit's two-step inquiry for evaluating forum selection clauses, *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994), that analysis is not necessary because a motion to dismiss is not the proper basis for challenging venue in this case.

When venue is statutorily proper in the chosen forum, a motion to dismiss is not the proper basis for enforcing the forum selection provision. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 n.8 (1988); *Se. Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 683-84 (S.D. Miss. 2005) (holding that "a motion to dismiss for improper venue, either under § 1406 or Rule 12(b)(3), is inappropriate when a motion to transfer venue pursuant to § 1404 is an alternative"). Rather, if a forum selection provision allows jurisdiction in another federal court, the proper method for attempting to enforce the provision is a motion to transfer under 28 U.S.C. § 1404(a). *Brock v. Baskin-Robbins, Inc.*, 113 F. Supp. 2d 1078, 1084 (E.D. Tex. 2000).[6]

---

[6]Although it does not appear that the Fifth Circuit has addressed this issue in this context, the issue is fully explained in two district court decisions that this Court finds persuasive. *See Dorsey v. N. Life Ins. Co.*, No. Civ. A. 04-0342, 2004 WL 2496214 (E.D. La. Nov. 5, 2004) *Brock*, 113 F. Supp. 2d at 1084.

The subject forum selection clause does not differentiate between state and federal courts, providing only that venue is proper in "Houston, Harris County, Texas."  Accordingly, the forum selection clause allows venue in both state and federal courts in Houston, Harris County, Texas. *See Dorsey*, 2004 WL 2496214, at *10 (finding that forum selection clause limiting venue to "King County, Washington" included state and federal courts).  Because venue is otherwise proper in this district, and the forum selection clause permits venue in another federal court, Defendant's motion to dismiss is not the proper avenue for enforcing the clause and should be denied.[7]

**III. Conclusion**

Having considered the submissions of the parties, the Court finds that Defendant's Motion to Dismiss [5] should be denied.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

_____

[7]Although there is no motion to transfer before the Court, the Brief of Defendant Pursuant to Court Order of August 18, 2008 states in conclusion, "If BFLP is mistaken as to the relief it seeks, it prays that the Court grant such relief as is fit and proper."  Because motions under § 1404 require a fact based analysis that neither party has addressed, the Court declines to convert Defendant's motion to dismiss into a motion to transfer venue.

8